WILSON BANKING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4802.   Promulgated July 30, 1927.

Amounts deposited with a bank by an officer and stockholder and credited to his personal account, are not part of the bank's invested capital.

*G. A. Wilson, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the years 1919 and 1920 in the amount of more than $10,000.

### FINDINGS OF FACT.

The petitioner is a Mississippi corporation engaged in the banking business at Greenwood, Miss. It was organized in the year 1913 with a capital stock of $25,000, all of which, with the exception of qualifying shares, was issued to G. A. Wilson. Wilson, in addition to paying in $25,000 for the petitioner's capital stock, transferred to it at about the date it was organized, eight promissory notes which he held, these notes being of the face value of $174,100. The accrued interest on these notes at the time they were transferred to the petitioner amounted to $12,131. The amount of the notes was credited to Wilson's personal account and the accrued interest was credited to the petitioner's undivided profits account. The notes were paid at maturity. The amount so deposited to G. A. Wilson's account was not withdrawn by him and it remained in his account during the years 1919 and 1920. The account did not bear interest.

In the year 1913 the petitioner borrowed money from a New York bank and at that time G. A. Wilson, president of the petitioner, wrote to said bank as follows:

GREENWOOD, MISS., *June 17, 1913.*

Mr. A. J. OXENHAM,
    *Asst. Cashier, National Bank of Commerce of New York, New York.*

DEAR SIR: We have your favor of the 14th inst., with credit memorandum of $19,627.25, proceeds of our note of June 12th, and also a note drawn on one of your forms for the $20,000, and note your request that we sign the enclosure to be substituted for the note we sent you.

It is our pleasure to comply with your request and to that end we hand you herein, the said note on your form and will ask that you mark on the note we sent you, "cancelled and substitute taken on our form," and mail the note to us.

We also have this day passed the order giving authority to our President, Vice President and Cashier, to borrow funds of your bank, and herein hand you a certified copy of said order.

The writer has also given his personal endorsement to the enclosed note and now begs to say so that you may rely on it for all future dealings with this bank, that he is the owner of all the shares, except one share each owned by his two sons and one each by his two sons-in-law.

That the writer has on deposit in this bank $240,000 which represents his interest in the bank, plus the capital stock. It is not the intention of the writer to withdraw his deposit. We went into the banking business in order to handle the writer's funds and put the capital stock as low as the law would permit in order to save taxes.

The writer is personally and individually liable and responsible for any and all debts and liabilities of this bank to whomsoever, now and in the future. Thus, you see, that instead of being a small concern, we are really the "biggest" bank in Greenwood.

We note that you remark on the size of our receivables. We beg to say that we have customers who are wealthy planters and in order to do business with them we must let them have large sums, and we do this, but of course it is with full knowledge of their honesty and ability to give us ample security.

The writer draws no salary of the bank and my two sons who do the work, have very small salaries.

We are frank with you from the foregoing information, because we think you are entitled to know the very truth about us and hope that what we have said will not be considered boastful.

Yours very truly,

(Signed)        G. A. WILSON,
                        *President.*

The petitioner in its income and profits-tax returns for the years 1919 and 1920, included the amount of $174,100 deposited to the account of G. A. Wilson as aforesaid in its invested capital for those years. The amount included by the petitioner was excluded by the respondent.

OPINION.

MARQUETTE: The petitioner contends that the amount of $174,100 deposited with the petitioner by G. A. Wilson under the circum-

stances set forth in the findings of fact, was intended by Wilson to remain permanently for the use of the petitioner, and should be considered as part of and included in its invested capital for the years 1919 and 1920. We can not agree with this contention. Invested capital under the Revenue Act of 1918, which was in force during the years 1919 and 1920, meant: (1) Actual cash bona fide paid in for stock or shares; (2) actual cash value of tangible property, other than cash bona fide paid in for stock or shares; (3) paid in or earned surplus and undivided profits; (4) intangible property bona fide paid in for stock or shares, subject to certain limitations. The deposit made by Wilson with the petitioner does not fall within any of the classes named. Notwithstanding what Wilson may have intended when he transferred the notes, the fact is that they and the proceeds thereof were carried and remained as a deposit standing in his name which he could have withdrawn at any time. Neither the notes nor the money belonged to the petitioner. It may be that as between Wilson and the bank or banks to which he specifically represented that he did not intend to withdraw the deposit, he would be estopped from claiming the right to withdraw it, but as to all other persons or corporations he would stand on the same footing as any other of the petitioner's depositors. The petitioner cites several court decisions in support of its contention but they are so obviously not in point that we do not deem it necessary to discuss them.

*Judgment will be entered for the respondent on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.